[No. 5989. Decided August 29, 1906.]

CHARLES W. C. PANSING, *Respondent,* v. ELLA GIRDNER
WARNER, *Appellant.*[1]

QUIETING TITLE—TITLE TAKEN BY AGENT—TRUSTS. Where deeds
were taken in the name of an agent, who transacted all of his prin-
cipal's real estate business, and the agent was a mere trustee, upon
his death the principal is entitled to have the title quieted by a con-
veyance from the agent's wife to whom he had made a voluntary
deed.

Appeal from a judgment of the superior court for Kitti-
tas county, Rigg, J., entered June 7, 1905, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action to quiet title. Affirmed.

*Austin Mires,* and *Reavis, Thorp & Wheeler,* for appel-
lant.

*Carroll B. Graves* and *John H. McDaniels,* for respondent.

1Reported in 86 Pac. 667.

MOUNT, C. J.—This action was brought by respondent against the appellant, to quiet title to two certain tracts of land, and for an order requiring the appellant to convey the legal title thereof to respondent. A decree was entered as prayed for in the complaint. Defendant appeals from that decree.

The controlling questions presented here are questions of fact. It appears from the testimony in the case that the respondent is an illiterate man, unable to read or write the English language, except to sign his own name; that C. V. Warner, now deceased, was the agent, attorney, and confidential adviser of the respondent for a period of more than ten years, and transacted all of respondent's business relating to his real estate; that during this time respondent purchased the real estate in question, but the legal title thereto was taken in Mr. Warner's name. The deed to one of the tracts of land was not placed of record by Mr. Warner during his lifetime. The deed to the other tracts was placed of record about five years after its date. Mr. Warner, without respondent's knowledge or consent, executed a deed of this last named tract to his wife, but the deed was not delivered or placed of record. Mr. Warner died on March 11, 1904. After his death his wife, the appellant here, found the deeds among her husband's papers and placed the deeds of record. On September 16, 1904, this action was begun.

The actual possession and control of all the lands in controversy have been in respondent ever since long before respondent met Mr. Warner. We have examined the evidence in the case very carefully, and we are convinced that Mr. Warner was a trustee of the title to both tracts of land and had no other interest therein, and that upon his death no title passed to the appellant. It would serve no useful purpose to review the evidence in this opinion. Appellant contends that certain evidence was improperly admitted by the trial court. But if we were to sustain this contention, there

is still ample evidence to show that Mr. Warner was a mere trustee. In fact, there is no evidence in the record, except merely the deeds by which Mr. Warner obtained the legal title, to contradict in the remotest degree the evidence showing the fact that respondent was the real owner of both the legal and equitable titles. We are also convinced that appellant did not acquire the title in good faith, and that there is no question of laches on the part of respondent in the case.

The judgment is therefore affirmed.

DUNBAR, ROOT, CROW, and FULLERTON, JJ., concur.